Arthur L. LOCKETT, Plaintiff–Appellant,

v.

Timothy DONNELLON, et al., Defendants,

Karen Thomas, Officer, and John Stuewer, Officer, Defendants–Appellees.

No. 00–2169.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

PER CURIAM.

Plaintiff Arthur Lockett, proceeding *pro se,* appeals from the district court's grant of summary judgment to defendants Karen Thomas and John Stuewer, police officers employed by the City of Port Huron Police Department, on his excessive force claims brought pursuant to 42 U.S.C. § 1983. We AFFIRM.

## BACKGROUND

Lockett alleged civil rights claims against various defendants arising out of his arrest and conviction on drug charges, his arrest on domestic violence charges, and the revocation of his parole. The dis- trict court dismissed all of Lockett's claims except for his excessive force claims against Officers Thomas and Stuewer. Those claims are based on the following facts:

On February 11, 1995, Officers Thomas and Stuewer were dispatched to investi- gate reports of a domestic dispute. Offi- cer Stuewer interviewed the complainant, Laura Lockett, who informed him that her husband, the plaintiff, had threatened and punched her. While Office Stuewer inter- viewed Laura Lockett, Officer Thomas lo- cated Lockett. Lockett was placed under arrest and transported to the City of Port Huron Police Department for processing.

At the police station, Lockett refused to cooperate with having his fingerprints and photograph taken. While in the holding cell, Lockett, who was extremely upset and had a "very short fuse," loudly protested his arrest and threatened legal action. At the request of Lockett's parole officer, Of- ficer Stuewer repeatedly asked Lockett to take a preliminary breath test. Lockett refused, saying, "If you beat me down to the ground first, I still wouldn't take your test."

Unable to process Lockett, Officers Thomas and Stuewer were instructed by Lt. Philip McCarty, the officer in charge, to transport him to the St. Clair County Jail. The officers escorted Lockett to the police station's garage. In his affidavit, Lockett states that he was "boiling mad" and continued to threaten to bring a civil rights complaint against the officers. When they reached the garage, Officer Stuewer allegedly hit Lockett in the chest and grabbed him by the collar of his sweatshirt while Officer Thomas pulled his arm. Both officers then pushed him to- ward the patrol car. Officer Stuewer opened the rear door, and both officers attempted to push him into the opening, slamming his chest into the edge of the car

door. Lockett's head hit the upper frame of the car's rear door well. Lockett became even angrier and yelled, "I SWEAR ON ALL THAT'S HOLY, I'M GOING TO SUE THE SHIT OUT OF YOU TWO BITCHES, I SWEAR, I SWEAR, I SWEAR TO GOD." Lockett alleges that the officers then punched him in the body, head, and chest. Officer Thomas kneed him in the inner thigh and hip and then wrapped her hand around his throat. Officer Stuewer inflicted "a series of wicked body blows" into Lockett's back. According to Lockett, Officer Stuewer then went around to the other side of the patrol car, opened the rear door, and grabbed the pocket of Lockett's sweatpants to pull him into the car. As he did this, Officer Thomas pushed from the other direction. Lockett states that he was wedged against the frame of the car and that he screamed for help because he could not move. Officer Stuewer released the pocket of Lockett's pants and returned to the left side of the car. He then reached into his service belt and took out his mace. Lt. McCarty ordered Officer Stuewer to put away the mace and told Lockett to get into the car, which he did.

According to the affidavits of Officers Thomas and Stuewer, Lt. McCarty and Officer Stuewer escorted Lockett to Officer Stuewer's patrol car. Officer Thomas alleges that Lockett tried to pull away at least once. When they reached the car, Lockett refused to bend his knees or otherwise cooperate with being placed in the rear seat. After unsuccessful attempts by Lt. McCarty and Officer Stuewer to push Lockett into the patrol car, Lt. McCarty ordered Officer Stuewer to get out his pepper spray. Lockett then complied.

## STANDARD OF REVIEW

This court reviews the district court's grant of summary judgment *de novo.* *Bass v. Robinson,* 167 F.3d 1041, 1044 (6th Cir.1999). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## DISCUSSION

Lockett's excessive force claims are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The reasonableness inquiry is an objective one made without regard to the officers' subjective motivations: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them," *id.* at 397, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *id.* at 396.

The Supreme Court qualified the objective reasonableness standard: "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. The Court recognized that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* As "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," *id.* at 396, the reasonableness calculus allows "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense,

uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation," *id.* at 397 (internal citations omitted).

Viewing the evidence in the light most favorable to Lockett, the actions of Officers Thomas and Stuewer were objectively reasonable. By his own admission, Lockett was uncooperative and verbally abusive. He refused to have his photograph, fingerprints, and preliminary breath test taken, all the while protesting his arrest and threatening to sue the officers. Lockett admits that when the officers escorted him to the police station's garage, he was "boiling mad" and actively resisted the officers' attempts to place him in the patrol car. Although Officers Thomas and Stuewer pushed and pulled him into the car in a rough manner, such force was necessitated by Lockett's resistance and cannot be deemed excessive as a matter of law. Accordingly, the district court properly granted summary judgment in the officers' favor on the ground that they did not use excessive force. We need not address whether the officers are entitled to qualified immunity, the district court's alternative ground for granting summary judgment. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

**AFFIRMED.**